## OSSENDORF et al. v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit. January 4, 1921. Rehearing Denied April 1, 1921.)

### No. 2830.

1. **Post office ⬤═48(6)—Description in indictment of money stolen from post office, without specifying denominations, held sufficient.**

   In an indictment for larceny from a post office, a description of the property taken as a stated amount of money, a more complete description of the kind and character of which was to the grand jurors unknown, said money being a portion of the money order funds of the Post Office Department, is a sufficient description of the money, where the postmaster knew the amount which was left in the safe, but had no means of knowing the denominations of the coins and bills.

2. **Criminal law ⬤═784(3)—Admissions by one defendant render circumstantial evidence charge unnecessary.**

   A requested charge as to the effect of purely circumstantial evidence was properly refused, where there was evidence of damaging admissions by one of the defendants.

3. **Criminal law ⬤═1086(11, 14)—Argument, objection, and statement of court must be shown by record.**

   An assignment of error to a statement of the court made on objection to the argument of the prosecuting attorney is not supported by the record, where neither the argument of the prosecuting attorney, an objection thereto, nor any ruling thereon appears in the record.

4. **Criminal law ⬤═1173(2)—Failure to charge admissions did not bind other defendants held harmless.**

   Failure to charge in a proper case that admissions by one defendant out of the presence of the other two defendants are not binding on the

other two was not prejudicial error, where the court, in admitting the evidence, stated to the jury that it was not binding on the other two defendants.

In Error to the District Court of the United States for the Eastern District of Illinois.

Larry Ossendorf and others were convicted of burglary and larceny from a post office, and they bring error. Affirmed.

Chester H. Krum, of St. Louis, Mo., for plaintiffs in error.

A. B. Dennis, of Danville, Ill., for the United States.

Before BAKER, EVANS, and PAGE, Circuit Judges.

EVANS, Circuit Judge. The parties will be designated as they appeared in the District Court. Defendant Barney Childers was convicted and sentenced on the sixth count of an indictment charging him with having stolen $127.87 from a post office at Orient, Ill. Defendants Skeeters Muskino and Charlie Marsali were convicted of the first, fourth, fifth, and sixth counts of the same indictment, and, after the fourth and fifth counts were eliminated, duly sentenced. The first count charged defendants with having broken into the Orient post office.

[1] Error is assigned because the court overruled the demurrer to the sixth count; it being defendants' contention that the count is bad, because the pleader failed to describe or set forth the specific pieces of money or coins which made up the total amount taken from the postmaster's safe. After setting forth the amount, the indictment reads:

"A more correct and complete description of the kind and character of said money being to the grand jurors unknown, said money being then and there a portion of the money order funds of the Post Office Department of the United States, and being then and there the property of the United States of America."

Although this assignment of error is not argued in the brief, it was urged in the oral argument, and we were asked to consider it as though fully presented in the brief. We have done so, and conclude that the indictment was not demurrable because of failure to describe the coins or other money taken. While particularity in the description of the property is desirable, to require the impossible would be absurd. In this case the safe was broken into and the money stolen. The postmaster had the record of the total amount of cash on hand, but not of the specific coins that made up the total. The grand jurors could not, therefore, "on oath" specify the coins with greater particularity. Their position was made known to the defendant by the statement in the indictment just quoted. This was all the government was required to allege and all the defendants could expect. Bishop, New Criminal Procedure (1913) § 705; Wharton, Criminal Pleading and Practice, § 218.

[2] Error is also assigned because of the court's failure to give a requested instruction reading thus:

"I request the court to further charge the jury that all of the evidence against the defendants is of the character known in law as circumstantial evidence, and the court should charge the jury that before the jury can con-

rict upon purely circumstantial evidence that the circumstances and evidence should be consistent with the alleged guilt of defendants and inconsistent with any reasonable plea of innocence."

While not fortunately expressed, counsel was seeking an instruction which he considered necessary in a case where the government's proof consisted entirely of circumstantial evidence. An examination of the record, however, shows that the government's case by no means rested solely upon circumstantial evidence. Very persuasive evidence came from the witness Dorris, who stated that he (a watchman) approached the defendant Childers and complained that in the "division of spoils" he had received nothing; that Childers replied that he would see that Dorris got his part. In further conversations, this defendant made other damaging admissions. Under these circumstances the court properly refused to give the requested instruction.

[3] Complaint is also made because of an observation made by the court during the closing argument of the government's counsel. It is claimed that the government's attorney called attention to the ease with which a certain witness identified two defendants, notwithstanding the defendants exchanged their seats in the courtroom. Objection to the argument was made, because there was nothing in the record to support the statement that the defendants had exchanged their seats. Whereupon the court stated:

"That the said movement of said defendants was in evidence, that it had occurred, and that he observed it, and that no doubt the jury had observed it, as well as the objecting counsel for defendants."

There is nothing in the record to justify this assignment of error. It does not appear that any such argument was made, that any objection was taken to any argument, or that the court made any ruling. In other words, the record fails to support the assignment of error.

[4] Complaint is also made because of the court's failure to instruct that admissions by one defendant are not binding upon the other defendants. While this request might well have been granted, the failure so to do was not prejudicial, because during the trial the court on several occasions instructed the jury to this effect. On one particular occasion the court said:

"I will tell the jury that conversations had with Childers, without the presence of the other two defendants, are not binding on the other two defendants, and are only to be considered against Childers."

Similar observations were made when other witnesses testified, and we cannot believe the defendants were prejudiced because the court failed to repeat it in the final charge to the jury.

Other assignments of error, some argued, others not, have been duly considered; but we have found no reversible error.

The judgment is affirmed.